IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2019

**THOMAS N. ALLEN v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 18-CR-10521    R. Lee Moore, Jr., Judge**

_____

**No. W2018-01736-CCA-R3-HC**

_____

The pro se petitioner, Thomas N. Allen, appeals the denial of his petition for writ of habeas corpus by the Lake County Circuit Court, arguing the trial court erred in summarily dismissing the petition. The petitioner asserts his indictment was defective for failing to cite the correct statutory provision, the trial court erred by giving erroneous jury instructions, and the indictment was illegally amended during trial, entitling the petitioner to habeas corpus relief. Following our review, we affirm the habeas court's dismissal of the petition as the petitioner has failed to show he is entitled to relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and CAMILLE R. MCMULLEN, J., joined.

Thomas N. Allen, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In 2006, a jury convicted the petitioner of first degree murder based on criminal responsibility, for which he received a sentence of life imprisonment. The petitioner appealed, and this Court affirmed his conviction and sentence. *State v. George Arthur Lee Smith, Nathaniel ("Nat") Allen, and Shannon Lee Jarnigan*, No. E2006-00984-CCA-R3-CD, 2007 WL 4117603 (Tenn. Crim. App. Nov. 19 2007), *perm. app. denied* (Tenn.

Feb. 25, 2008). The petitioner subsequently filed a petition for post-conviction relief, claiming he received ineffective assistance of counsel on several grounds and prosecutorial misconduct by the State. The post-conviction court denied the petition for post-conviction relief, and the petitioner appealed. On appeal, this Court affirmed the ruling of the post-conviction court. *Thomas Nathaniel Allen v. State*, No. E2010-01971-CCA-R3-PC, 2012 WL 826522 (Tenn. Crim. App. Mar. 13, 2012), *perm. app. denied* (Tenn. Oct. 1, 2012).

On August 21, 2018, the petitioner filed a pro se petition for writ of habeas corpus, alleging his indictment is invalid and the trial court gave erroneous jury instructions. After its review, the trial court summarily dismissed the petition. This timely appealed followed.

### *Analysis*

On appeal, the petitioner contends the trial court erred in summarily dismissing his petition, arguing his indictment is defective for failing to cite the proper statutory provision, the trial court gave erroneous jury instructions, and the trial court illegally amended the indictment during trial. The State contends the petitioner's claims are meritless. Upon our review of the record, we affirm the decision of the trial court.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

The petitioner first argues his indictment is invalid because it did not state the correct statutory provision and, therefore, failed to place him on notice of the charged offense. Specifically, the petitioner asserts the indictment makes reference to Tenn. Code

Ann. § 39-13-201(a)(1), which is not a valid code section, instead of Tenn. Code Ann. § 39-13-202(a)(2), the section for first degree murder. Tennessee Code Annotated § 39-13-201 lists the categories of criminal homicide but does not provide the elements of each crime.

In Tennessee, an indictment is sufficient that states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citing *State v. Byrd,* 820 S.W.2d 739, 741 (Tenn. 1991); *VanArsdall v. State,* 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); *State v. Smith,* 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." *Hart*, 21 S.W.3d at 903 (Tenn. 2000) (citing *Dykes*, 978 S.W.2d at 529).

The petitioner's indictment provided that between May 30, 2003 and June 26, 2003, the petitioner "did unlawfully commit the offense of first degree murder of Donald Wilder Jr., by being criminally responsible as a party thereof, to-wit: acting with the intent to benefit in the result of the death of Don Wilder, Jr. the defendant solicited, aided, or attempted to aid, George Arthur Lee Smith to intentionally and premeditatedly kill Don Wilder, Jr.; a violation of T.C.A. 39-13-201(a)(1), 39-11-402."

Although the indictment listed the criminal homicide statute instead of the first degree murder statute, the indictment nonetheless put the petitioner on notice that he was being charged with one count of first degree murder based on criminal responsibility for the death of Donald Wilder, Jr. between May 30, 2003 and June 26, 2003. The indictment identified the victim, stated the date of the offense, and alleged the essential elements of the offense. *See Hugh Andrew Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *14 (Tenn. Crim. App. Feb. 22, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008) ("[A] reference in an indictment to the wrong statute number is not a fatal defect if the language is otherwise sufficient."). The petitioner is not entitled to relief on this issue.

The petitioner's final two claims also fail to establish that his judgment is void. The petitioner argues the trial court erred by giving erroneous jury instructions on the lesser-included offenses of solicitation and facilitation and the trial court illegally

amended his indictment during the trial by adding the element "directs." However, this Court has repeatedly held a claim of erroneous jury instructions is not a cognizable basis for habeas corpus relief. *See Willis Holloway v. State*, No. W2017-01573-CCA-R3-PC, 2018 WL 3954195, at *4 (Tenn. Crim. App. Aug. 16, 2018), *no perm. app. filed*. Likewise, an improperly amended indictment renders a judgment voidable, not void. *See Darrell Jennings v. Michael Parris, Warden*, No. W2016-01089-CCA-R3-HC, 2017 WL 1326567, at *3 (Tenn. Crim. App. Apr. 10, 2017), *perm. app. denied* (Tenn. Aug. 18, 2017). Accordingly, the habeas court properly dismissed the petition, and the petitioner is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the habeas corpus court.

_____
J. ROSS DYER, JUDGE

- 4 -